(June 30, 1921.)

NELLIE C. AUSTIN, Appellant, v. WILSON IRRIGA-
TION COMPANY, a Corporation, JOHN KEITH,
CARL BACHMAN and HARRY KENNISON, Re-
spondents.

[199 Pac. 375.]

WATER AND WATER RIGHTS—CANALS—HEADGATES.

A headgate rightfully placed in the banks of a ditch, which
does not impede the flow of water therein, may not be removed
by one who has a right to the use of the ditch in common with the
owner of the headgate because he contends that such owner does
not have a right to carry water through the ditch.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Charles P. McCarthy,
Judge.

Appeal from an order vacating temporary injunction.
*Reversed.*

Hugh E. McElroy, for Appellant.

E. J. Dockery, for Respondents.

Counsel cite no authorities.

RICE, C. J.—This action was commenced by appellant to
restrain respondents from interfering with the headgate in
appellant's lateral connecting it with the Bernard & Johnson
ditch or canal, in Owyhee county.

The court found that both appellant and respondents had
equal rights to enlarge the Bernard & Johnson ditch to carry
their respective water as shown by their permits; that the
right of either appellant or respondents to run their respec-
tive water through the Bernard & Johnson ditch, or to main-
tain headgates or other irrigating apparatus therein, de-
pended upon whether the one claiming said right had done

work on said ditch to widen and enlarge its carrying capacity so as to enable it to carry said water. The court also found that for about 300 feet the Bernard & Johnson ditch passes through a rocky formation; that in the spring of 1916, the respondents did work which resulted in cleaning the ditch its entire length and in somewhat widening and enlarging it at all points except that portion where it passes through the rocky cut; that the ditch was not enlarged or widened at that point, and therefore its carrying capacity as a ditch was not increased or enlarged; that in the work which was done in the spring of 1916, appellant, acting separately and on her own behalf, and not jointly with respondents, contributed her *pro rata* share of the work and labor based on the four-fifths second-feet of water she seeks to have carried through the ditch; that the work and labor so furnished by her did not enlarge or widen the said ditch, or enlarge its carrying capacity, in that portion where it passes through the said rocky cut and therefore did not enlarge or increase the carrying capacity of the ditch; that appellant never furnished work or labor which resulted in widening and enlarging the ditch at the point where it passes through said rocky cut; that in the fall of 1916, respondents enlarged and widened the ditch in the rocky cut so as to increase its carrying capacity; that appellant had not, at the time the court made its findings, a right to conduct her four-fifths second-feet of water through the ditch because she had not widened or enlarged the ditch or increased its carrying capacity so as to permit of its carrying her water.

The court denied the injunction, and from its judgment this appeal is taken.

This is not an action to determine the respective claims to the use of water between appellant and respondents. It relates solely to the right of respondents to interfere with and remove the headgate of appellant. The court found that appellant contributed work and labor which resulted to some extent in widening and enlarging the Bernard & Johnson ditch. Even if appellant did not enlarge the Bernard

& Johnson ditch the entire length from its point of diversion from Reynolds Creek down to her headgate, it does not follow that she did not acquire any interest or right in the ditch.

It appears from one of the exhibits in the case that Johnson, one of the owners of the ditch, gave appellant a license to make use of his water right when he was not using it. In regard to this matter the court made the following finding: "That the lessee, W. S. Walker, of the E. H. Johnson ranch, was entitled to and required all the water to which said Johnson had a claim and did use the same during the irrigation  season of 1917, that the right to the use of the water and interest of E. H. Johnson as shown by Plaintiff's Exhibit 'B' grants no right to plaintiff and does not take from said lessee the right of the use of Johnson's right in said ditch and the water owned by said Johnson."

However, this was a matter between appellant, Johnson, and his lessee; one in which respondents had no concern and which furnished no justification to them for removing appellant's headgate.

Moreover, so far as appears from the record, appellant placed her headgate in the banks of the Bernard & Johnson ditch with the consent of the original owners thereof, or at least with the consent of one of them, and of the owner of the land upon which the same was located. She was not a trespasser. It is not contended, nor does it appear, that the headgate was so located as to impede the flow of water in the ditch. The headgate was the property of appellant. Respondents have shown no right to interfere therewith.

The judgment is reversed, with costs to appellant.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., deeming himself disqualified, took no part in the opinion.